

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXXXXX~~
~~WILL WILSON~~
ATTORNEY GENERAL

Hon. Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Attention: Mr. Earl Black,
 Assistant

Opinion No. O-5706
Re: Can common school dis-
tricts and rural school dis-
tricts purchase group life
insurance for their employees
under the provisions of House
Bill 326, Forty-eighth Legis-
lature?

Dear Sir:

We have your letter of recent date reading as follows:

"We have received the following letter from
W. J. Holloway, Superintendent, Port Neches Common
School District No. 16:

"'The 1943 Texas Legislature passed House Bill
326, which became effective on August 9, 1943.
House Bill 326 amends the group life insurance law
of the State of Texas to the extent that hereafter
*group life insurance policies may be issued upon
the lives of all employees, as employees of any in-
dependent school district, incorporated city, town
or village, which has assumed control of the public
school system within such municipality as employer."

"'Since common school districts and rural
school districts were not specifically mentioned in
House Bill 326, even though there was no apparent
intention for their exclusion, there is a question
of legality as to whether or not common school dis-
tricts and rural school districts can purchase group
life insurance for their employees.

"'I shall appreciate very much your getting an
opinion for me from the Attorney General of this
State on this subject at your earliest convenience.'

"The Act that he refers to in his letter is
Article 4764a, R.C.S. as amended by the 48th Legis-
lature.

"We will appreciate your opinion upon this sub-
ject."

The Act cited (Chapter 349, Acts of the Forty-eighth Legislature) defines group life insurance within the meaning of the Act as "Life Insurance covering not less than 25 employees written under a policy issued to the employer, the premium for which is to be paid by the employer or by the employer and employees or classes thereof determined by conditions pertaining to the employment, for amounts of insurance based upon some plan which will preclude individual selection, and for the benefit of persons other than the employer ***."

"Group life insurance policies may be issued conformably to the terms of Section 1 and Subsection 1 of this Act upon the lives of all employees, as employees of any independent school district, incorporated city, town or village, which has assumed control of the public school system within such municipality, as employer; such group life policies to be in conformity with Acts, 1931, Forty-second Legislature. Chapter 101, Page 172 et seq., as amended by Acts, 1941, Forty-seventh Legislature, regular session, House Bill No. 1061, and as amended by this Act. In the case of such school systems as employers the premiums upon such group life policies shall be paid by the employees and no part thereof shall be paid by said school district employers; but there is nothing in this Act to prohibit such school employers from deducting the premiums on such group policies from employees' salaries and paying the premiums therefor with such deductions."

It is our opinion that the statute under consideration does not authorize the issuance of group life insurance to the employees of any school district, except those specifically named in the statute, and your question is so answered.

It will be observed that in the case of school systems as employers the premiums upon such group life policies shall be paid by the employees, and no part shall be paid by the employers.

APPROVED DEC 1, 1943
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CFG-s:wb

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ C. F. Gibson

C. F. Gibson, Assistant